UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY WAYNE STEWART,            )
                                )
        Plaintiff,               )
                                )
v.                              )       No. 4:14CV1973 RLW
                                )
ST. FRANCOIS COUNTY JAIL, et al., )
                                )
        Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Larry Stewart, an inmate at St. Francois County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has reported that the Jail will not provide him with a certified copy of his account statement. Therefore, the Court will assess an initial partial filing fee of $1.00 at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the

complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: St. Francois County Jail; St. Francois County; Officer Gary Branham; Officer Michael Jones and Officer Elizabeth Deere. The complaint seeks monetary and injunctive relief.

Plaintiff asserts that he was assaulted by "Terre Dulac Police" on May 16, 2012, "in an attempt to [get a] confession on [his] current charges." He claims that from May 17, 2012, until June 2, 2012, he was left in a padded cell with nothing to keep him warm and was not allowed psychiatric assistance after a suicide attempt. He asserts that during this time period he was not given meals on 26 occasions, or access to water. Unfortunately, plaintiff fails to allege exactly which defendants refused to feed him or provide him access to psychiatric care. Plaintiff does state, however, that he asked Officer Jones for medical attention on one occasion and it was refused. Plaintiff has not stated the alleged date of this occurrence or any additional information about his need for medical assistance.

Plaintiff claims that between July 9, 2012, and July 26, 2012, his property was removed from his cell, including his bed, and he was made to sleep on a concrete floor. Plaintiff again does not name the individual defendant purportedly involved with these actions or identify the precipitating events surrounding these actions.

Plaintiff asserts, in a conclusory manner, that on November 21, 2012, he was assaulted by Officer Deere, "in an attempt to get a confession." He states that his legal mail was confiscated, but he does not claim whether this was also done by defendant Deere. Plaintiff also does not identify the civil rights he believes were allegedly violated when these actions occurred.

Plaintiff states that on April 7, 2013, he was taken to the "hole" for fighting by Officer Deere, and kept in the "hole" until July 30, 2013. Plaintiff does not provide the Court with any information relative to his environment in the "hole," and he fails to provide information as to whether he was provided with reasonable review of his disciplinary measures.

Plaintiff claims that on September 29, 2013, he was taken to the "hole" by Officers Corey Platten and Gary Branham and he was "refused a mat and blanket" for four days. Plaintiff asserts that he was kept in the "hole" until May 26, 2014.

Plaintiff alleges that on November 6, 2013, he was assaulted by Officer Michael Jones after an argument with his cellmate. Plaintiff further asserts that on February 26, 2014, he was assaulted by Officers Gary Branham and Michael Jones. Plaintiff fails to include any additional information about these events.

In a conclusory manner, plaintiff asserts that over the "2 ½ years he has been held at the Jail [he has] been refused most of [his] medications." Plaintiff also claims that he has also been refused treatment for hypothyroid disorder and hypotension. Plaintiff states that he has lost weight during his incarceration, and that he is now "extremely underweight." He also complains that the jail is overcrowded, sleeping 4-5 people to a cell. Plaintiff's conclusory allegations about these alleged events fail to identify the constitutional violations he believes was subjected to and the defendants he believes subjected him to harm.

## Discussion

At this time, plaintiff's complaint fails to state a claim upon which relief may be granted. However, because of the serious nature of some of the allegations contained in plaintiff's complaint, the Court will not dismiss the complaint at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint on a court-provided form. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. *See, e.g.., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

Plaintiff's motion for appointment of counsel will be denied at this time. Although plaintiff has alleged some serious claims, none of his claims have, of yet, survived frivolity review. Thus, counsel is simply not warranted at this time. Plaintiff may, of course, move for counsel at a later time, if it appears that counsel is warranted if this case progresses.

The Court will take some care to point out that plaintiff's claims, as written, simply do not state a claim for relief. For example, to the extent that plaintiff is attempting to assert claims against St. Francois County Jail, his claims are legally frivolous because the Jail is not a suable entity. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Furthermore, the complaint is silent as to whether the individual defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official – in this case, St. Francois County. To state a claim against a municipality, such as St. Francois County, or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a St. Francois County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against the individual defendants and St. Francois County.

Moreover, plaintiff's complaint is largely devoid of specific factual allegations against any specific defendant. Instead, he has made generalized claims against officers and their supervisors, believing that these conclusory allegations should be enough to hold someone responsible. Unfortunately, plaintiff's complaint does not suffice to properly allege that the actions were known to one or more particular supervisory officials at the Jail, *see Wilson v. City of N. Little Rock*, 801 F.2d 316, 323 (8th Cir. 1986), and it assuredly does not plead adequately that any supervisor at the Jail acted with the impermissible purpose as required by *Ashcroft v. Iqbal. See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for

supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts, except for conclusory assertions only, indicating that an individually named defendant was directly involved in or personally responsible for the alleged violations of plaintiff's constitutional rights.

Last, plaintiff has failed to state a claim for unconstitutional placement in administrative segregation. To state a claim under § 1983 for unconstitutional placement in the "hole," a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. *See, e.g., Hemphill v. Delo,* 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not atypical or significant).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

7

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension to submit his account statement [Doc. #5] is **DENIED AS MOOT**.

Dated this 16th day of January, 2015.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE