UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY WAYNE STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV1973 RLW |
| ) | |
| ST. FRANCOIS COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of plaintiff's amended complaint. The Court has reviewed the amended complaint and finds that the amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

1

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Amended Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: St. Francois County; Officer Gary Branham; Officer Michael Jones Officer Elizabeth Deer; Sergeant Dennis Smith; Corporal Hardy White; Nurse Tracy Francis; and Doctor Brian Swink. The complaint seeks monetary relief.

Plaintiff asserts that he was assaulted by "Terre Dulac Police" on May 16, 2012, "in an attempt to [get a] confession on [his] current charges." Plaintiff does not state who allegedly assaulted him, but he claims that it is illegal for an officer to assault a suspect. He also states that be believes that any statements he made are tainted by the physical abuse. Plaintiff states in a

2

conclusory manner that St. Francois County should be "held accountable for not ensuring investigations by legal procedures."

Plaintiff claims that from May 17, 2012 until June 2, 2012 he was left in a padded cell with nothing to keep him warm. Plaintiff states that "the A/C was kept on" and he was not allowed psychiatric assistance after a suicide attempt. He asserts that during this time period he was not given meals on 26 occasions, or access to water. Unfortunately, plaintiff fails to allege exactly which defendants refused to feed him or provide him access to psychiatric care. Again plaintiff asserts in a conclusory fashion that St. Francois County should be held liable because the Jail is one of the County's facilities.

Plaintiff states, however, that on May 26, 2012, he was allegedly having chest pains and he asked Officer Jones for medical attention and it was refused.

Plaintiff claims that between July 9, 2012, and July 26, 2012, defendants Smith, White and Jones removed his property from his cell, including his bed, and made him sleep on the concrete floor. Plaintiff does not identify the precipitating events surrounding these actions.

Plaintiff asserts, in a conclusory manner, that on November 21, 2012, he was assaulted by defendant Deer, "in an attempt to get a confession on his current criminal charges." He states defendant Deer also confiscated his legal mail. It appears that plaintiff was a pretrial detainee when these alleged events occurred. He appears to be asserting that defendant Deer was attempting to coerce him in order to evoke a confession from him. However, it is unclear which civil rights plaintiff believes defendant Deer violated.

Plaintiff states that on April 7, 2013, he was taken to the "hole" for fighting by Officer Deer, and kept in the "hole" until July 30, 2013. Plaintiff states that he was not allowed to keep

his Bible[1] with him in his cell during his time in the "hole." Plaintiff also claims in a conclusory fashion that he was not given a review of his disciplinary measures, but he has not explained exactly what he means by this statement. Plaintiff has not compared his confinement in "the hole" to his confinement in the ordinary cells at the Jail.

Plaintiff claims that on September 29, 2013, he was taken to the "hole" by Officers Corey Platten and Gary Branham and he was "refused a mat and blanket" for four days. Plaintiff asserts that he was kept in the "hole" until May 26, 2014. Plaintiff states that once again he was denied the ability to keep his Bible in his cell.

Plaintiff alleges that on November 6, 2013, he was assaulted by Officer Michael Jones after an argument with his cellmate. Plaintiff further asserts that on February 26, 2014, he was assaulted by Officers Gary Branham and Michael Jones. Plaintiff fails to include any additional information about these events.

In a conclusory manner, plaintiff asserts that over the "2 ½ years he has been held at the Jail [he has] been refused most of [his] medications." He asserts that at first his medications were provided to him by defendants Swink and Francis, but after he was told that the Jail was underfunded for medical care, his medications were decreased. Plaintiff claims that he has been

---

[1] The First Amendment prohibits the Nation and the states from making any law prohibiting the free exercise of religion. Under the Free Exercise Clause, plaintiff must show that the prison has placed a "substantial burden" on his ability to practice his religion. *Patel v. United States Bureau of Prisons,* 515 F.3d 807, 2008 WL 281912 *4 (8th Cir.2008) ("Under the Free Exercise Clause, RFRA and RLUIPA, plaintiff must first raise a material question of fact regarding whether the [MDOC] has placed a 'substantial burden' on his ability to practice his religion.") (citing *Weir v. Nix,* 114 F.3d 817, 820 (8th Cir.1997) (Free Exercise Clause)). Moreover, a temporary restriction on all group activities does not infringe on the freedom-of-religion rights of inmates whose religious services are affected by the restriction, where the restriction is applied to all group activities, not merely religious meetings, and is imposed in response to a violent altercation invoking legitimate security risks. *Childress v. Delo,* 820 F.Supp. 458 (E.D.Mo.1993).

4

refused treatment for hypothyroid disorder and hypotension by defendants Swink and Francis. Plaintiff states that he has lost weight during his incarceration, and that he is now "extremely underweight."

## Discussion

Plaintiff's amended complaint fails to state a claim upon which relief may be granted. The amended complaint is silent as to whether the individual defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official – in this case, St. Francois County. To state a claim against a municipality, such as St. Francois County, or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a St. Francois County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against the individual defendants and St. Francois County.

Last, plaintiff has failed to state a claim for unconstitutional placement in administrative segregation. To state a claim under § 1983 for unconstitutional placement in the "hole," a prisoner "must show some difference between his new conditions in segregation and the

conditions in the general population which amounts to an atypical and significant hardship." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. *See, e.g., Hemphill v. Delo,* 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not atypical or significant).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of February, 2015.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE